UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND E CONWAY,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-794-JD-MGG

INDIANA STATE PRISON, PAM BANE,
BUS, SNIDER,

    Defendants.

OPINION AND ORDER

Raymond Conway, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Conway is presently housed at Indiana State Prison. It can be discerned from the complaint and attachments that he was in protective custody for a substantial part of 2018 and 2019 due to problems he had with gang members at the prison. He was in protective custody again in early 2020 after another inmate threatened him, but he claims that on April 17, 2020, he was removed from protective custody after he was in a

fight with another inmate. He claims he was only defending himself during this altercation and that the other inmate threatened to hit him with a lock. Nevertheless, he was sent to disciplinary segregation, where he began to have problems with another inmate named Jason Long. He claims Long extorted him for commissary items and stole some of his personal property, and threatened to stab or shoot him if he did not comply. He claims that another inmate in the cellhouse, known as "Big Pete," falsely accused him of having worked as a correctional officer at the Elkhart County Jail, and "started yelling it on the range." Mr. Conway sought protective custody but was denied, and was told that he could not seek protective custody until he finished serving his time in disciplinary segregation. He claims, however, that inmates have been attacked and killed at ISP even in the disciplinary segregation unit.

Sometime around July 2020, he was moved to another cell on the other side of the unit. He states that he was "ok for a few days" but then "word eventually followed" about the false claim that he had previously worked as a correctional officer and the threats from inmate Long. Several inmates stole his personal property as a result, and in early August 2020, he received a note from an unnamed inmate stating that if he did not give the inmate his television set, he would tell the other inmates that Mr. Conway was "from PC" and had "snitched on his guys." He claims that he has been told by other inmates in the unit that if he ever goes back to general population, "the gangs would kill me because they know I'm a snitch." He's requested protective custody a total of three times in the past four months but is "denied every time." He has completed his

term of disciplinary segregation, and is concerned what will happen if he is moved back to general population.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, Mr. Conway alleges that he is at specific risk of harm from inmates both in the disciplinary segregation unit and in general population, and that he needs to be moved to protective custody. He alleges that due to his having been labeled a "snitch," as well as the false rumor that he previously worked as a correctional officer, his life is presently at risk. The warden has both the authority and the responsibility to ensure that inmates are protected from harm by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Conway will be allowed to proceed on an Eighth Amendment claim against Ron Neal in his official capacity as Warden of ISP for permanent injunctive relief. Given the

nature of Mr. Conway's allegations, the court will send a copy of the complaint to the Warden and require him to respond in an expedited fashion, addressing what steps are being taken to protect Mr. Conway from harm by other inmates.

For these reasons, the court:

(1) DIRECTS the clerk to add Warden Ron Neal as a defendant;

(2) GRANTS the plaintiff leave to proceed against Ron Neal in his official capacity as the Warden of Indiana State Prison on an Eighth Amendment claim to obtain permanent injunctive relief related to his need for protection from other inmates;

(3) DISMISSES all other claims;

(4) DISMISSES Indiana State Prison, Pam Bane, Ms. Bus, and Mr. Snider as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from Ron Neal by email to the Indiana Department of Correction along with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to Warden Neal at Indiana State Prison;

(7) DIRECTS the United States Marshals Service to serve process on Warden Ron Neal pursuant to 28 U.S.C. § 1915(d) by **October 16, 2020** if he does not file an appearance by **October 9, 2020**;

(8) ORDERS Ron Neal to file and serve a response no later than **October 21, 2020**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's request for protective custody, whether he is presently in

danger from other inmates at his facility, and what steps are being taken to protect him from harm; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 23, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT