UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND E. CONWAY,

Plaintiff,

v.  CAUSE NO. 3:20-CV-794-JD-MGG

INDIANA STATE PRISON, et al.,

Defendants.

ORDER

Raymond E. Conway, a prisoner proceeding without a lawyer, moves for reconsideration of the screening order. (ECF 56.) This is his second such request in the case. (*See* ECF 16.) He has also amended his complaint twice, and is currently proceeding on claims against seven defendants for failing to protect him from harm by other inmates in violation of the Eighth Amendment. (ECF 49.)

As was fully outlined in the screening order, the Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending

harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

In the present motion, Mr. Conway focuses on the court's dismissal of his claim against Lieutenant Ball (first name unknown). In his second amended complaint, he alleged that on October 7, 2020, he complained to Lieutenant Ball that he was being harassed by other inmates and asked to be moved. (*See* ECF 49 at 5-6.) She initially told him he could not be moved, but he threatened to harm himself if she did not move him. Lieutenant Ball then immediately moved him to a cell on a different floor. During the move, another inmate threw bodily waste on Mr. Conway.[1]

He believes Lieutenant Ball should be held liable for this incident, but to proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). His allegations do not plausibly allege deliberate indifference by Lieutenant Ball. To the contrary, the events he described reflected that Lieutenant Ball was attempting to diffuse the situation and remove him from harms' way by immediately moving him off the floor. The fact that he had bodily

---

[1] In neither the second amended complaint nor his motion does he name the inmate who assaulted him, nor is it clear from his arguments that this particularly inmate was the one who had threatened him in the past, or that he specifically gave the name of this inmate to Lieutenant Ball. The court notes that he has already amended his complaint twice, and the deadline for amending the pleadings expired on May 7, 2021. (ECF 36.)

2

waste thrown on him is unfortunate, but there is no factual content to suggest Lieutenant Ball violated the Eighth Amendment in connection with her actions.

For these reasons, the motion (ECF 56) is DENIED.

SO ORDERED on June 25, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT